FILED
2016 Jul-08 PM 03:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **KAYLA BLANCHARD,** | ) |
| **PLAINTIFF,** | ) |
| V. | ) CIVIL ACTION NUMBER: |
| **EQUIFAX INFORMATION SERVICES LLC; TRANS UNION, LLC; LEGACY COMMUNITY FEDERAL CREDIT UNION** | ) JURY TRIAL DEMANDED |
| **DEFENDANTS.** | |

## COMPLAINT

**COMES NOW** the Plaintiff, Kayla Blanchard, by and through undersigned counsel, and for her complaint states as follows:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1681p, and 28 U.S.C. §1331. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 (b).

### PARTIES

2.  Plaintiff, Kayla Blanchard, is over the age of nineteen (19) years and is currently a resident of the city of Birmingham in Jefferson County, Alabama.

3.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

4.  Defendant Equifax Information Services LLC ("Equifax") is a Georgia corporation that has a principal place of business in Georgia. Equifax does and has at all pertinent times done business in this Judicial District.

5. Defendant Trans Union, LLC ("Trans Union") is a Delaware corporation that has a principal place of business in Illinois. Trans Union does and has at all pertinent times done business in this Judicial District.

6. Defendant Legacy Community Federal Credit Union ("Legacy") is a domestic entity with a principal place of business in Alabama. Legacy does and has at all pertinent times done business in this Judicial District.

7. Equifax and Trans Union are nationwide consumer reporting agencies as that term is defined by 15 U.S.C. §1681a(f).

8. Upon information and belief, Equifax and Trans Union are regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681a(f) to third parties.

9. Upon information and belief Equifax and Trans Union disburse consumer reports to third parties for monetary compensation.

10. A substantial portion of the events herein occurred in this Judicial District.

**FACTUAL ALLEGATIONS**

11. On or about February 25, 2009, Plaintiff executed a promissory note ("Note") with Legacy.

12. At sometime thereafter, Plaintiff defaulted on the Note.

13. On or about August 1, 2012, Legacy brought a lawsuit against Plaintiff in the District Court of Jefferson County, Alabama (Case Number: DV-12-640).

14. On or about August 30, 2012, the Court entered a default judgment in favor of Legacy and against Plaintiff.

15. On or about July 24, 2013, Plaintiff satisfied the account and judgment in full.

16. On or about July 26, 2013, Legacy filed a Satisfaction of Judgment with the Clerk of the Court in Jefferson County.

17. In May 2016, Plaintiff reviewed her consumer credit reports prepared by Equifax and Trans Union.

18. The credit reports stated Plaintiff still had an outstanding balance on the Legacy account and an outstanding judgment.

19. On our about May 17, 2016, Plaintiff disputed the status of the Legacy account and judgment with Equifax and Trans Union and requested reinvestigation.

20. Equifax purportedly reinvestigated the Plaintiff's dispute and reported the results of its purported reinvestigation to the Plaintiff on or about June 14, 2016.

21. Equifax did not remove or correct the information on Plaintiff's Equifax report for the Legacy account.

22. The inaccurate information published by Equifax negatively reflected on Plaintiff, her financial responsibility as a debtor, and her credit worthiness.

23. Trans Union purportedly reinvestigated the Plaintiff's dispute and reported the results of its purported reinvestigation to the Plaintiff on or about June 19, 2016.

24. Trans Union did not remove or correct the information on Plaintiff's Trans Union report for the Legacy account.

25. The inaccurate information published by Trans Union negatively reflected on Plaintiff, her financial responsibility as a debtor, and her credit worthiness.

**COUNT ONE**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq.**
**AGAINST DEFENDANTS EQUIFAX & TRANS UNION**

26. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

27. Equifax and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they publish and maintain concerning the Plaintiff.

28. Equifax and Trans Union's intentional refusals to conduct reinvestigations violated 15 U.S.C. § 1681i(a)(1)(A).

29. Equifax and Trans Union violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a reasonable and lawful reinvestigation; by failing to forward all relevant information to Legacy; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source they have reason to know is unreliable.

30. As a result of this wrongful conduct, action and inaction of Equifax and Trans Union, Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

31. Equifax and Trans Union's refusal to perform a reinvestigation and their subsequent conduct was both willful, rendering the Defendants liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax and Trans Union was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

32. The Plaintiff is entitled to recover costs and attorney's fees from Equifax and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT TWO**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ. AGAINST DEFENDANT LEGACY**

33. Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

34. Legacy violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s- 2(b) by continuing to publish to Equifax and Trans Union inaccurate information regarding status of an account; by failing to fully and properly investigate the Plaintiff's dispute; by failing to review or consider all relevant information regarding same; by failing to accurately respond to Equifax and Trans Union; by failing to correctly report results of an accurate investigation to all credit reporting agencies; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Legacy representations to the consumer reporting agencies.

35. After receiving notification from Equifax and Trans Union about Plaintiff's disputed account, Legacy did not contact any third parties other than Equifax and Trans Union when investigating Plaintiff's dispute.

36. As a result of Legacy's wrongful conduct, action and inaction, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

37. Legacy's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by a struck jury

pursuant to 15 U.S.C. § 1681n. In the alternative, Legacy was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

38. The Plaintiff is entitled to recover costs and attorney's fees from Legacy in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a judgment against the Defendants as follows:

A. Declaratory judgment that the Defendants' conduct violated the FCRA;

B. Actual and punitive damages for Defendants' violations of the FCRA;

C. All damages and fees available from Defendants available under the FCRA; and

D. Such other and further relief that this Court deems necessary, just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

/s/ John C. Hubbard
John C. Hubbard
Attorney for Plaintiff

**OF COUNSEL:**
John C. Hubbard LLC
PO Box 953
Birmingham, AL 35203
(205) 378-8121